Filed 12/11/25  P. v. Jackson CA4/2
(Opinion on transfer from Supreme Court)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN KEITH JACKSON,<br><br>    Defendant and Appellant. | E083072<br><br>(Super.Ct.No. CR69388)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.
Reversed and remanded with directions.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and
Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney
General, James William Bilderback II, Holly D. Wilkens and Michael T. Murphy,
Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court found defendant and appellant Jonathan Keith Jackson ineligible for a resentencing hearing. On appeal, defendant contended this court should reverse the order and remand the matter to the trial court with directions to hold a resentencing hearing. We affirmed with directions to the court to strike the section 667.5, subdivision (b) enhancement in its entirety.

On September 3, 2025, the California Supreme Court issued an order directing us to vacate our decision and reconsider the cause in light of *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*). We vacated our decision and offered the parties the opportunity to file supplemental briefs, which they did. The People contend defendant remains ineligible for resentencing pursuant to section 1172.75 because he is under a judgment of death. We reverse and remand the matter with directions.

## I. PROCEDURAL BACKGROUND

On May 9, 1999, a jury found defendant guilty of first degree murder (§ 187, count 1); willful, deliberate, and premeditated attempted murder (§§ 664, 187, count 2); and being a felon in possession of a firearm (former § 12021, subd. (a)(1), count 3). The jury also found true allegations that defendant inflicted great bodily injury upon the attempted murder victim (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)), personally used a handgun in the commission of the murder and attempted murder (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)), and that a principal was armed with a handgun in the commission of the murder (§ 12022, subd. (a)(1)). The jury additionally found true a special

---

[1] All further statutory references are to the Penal Code.

circumstance allegation that defendant committed the murder while engaged in the commission of a robbery or attempted robbery (former § 190.2, subd. (a)(17)(i)). (*People v. Jackson* (2014) 58 Cal.4th 724, 731-732 (*Jackson*).)

Thereafter, the court determined that defendant had suffered a prior serious felony conviction (§ 667, subd. (a)), a prior prison term (§ 667.5, subd. (b)), and a prior strike conviction (§§ 667, subds. (c), (e), 1170.12, subd. (c)). The jury returned a verdict of death on the murder conviction. (§ 1239, subd. (b).) (*Jackson*, *supra*, 58 Cal.4th at p. 732 & fn. 2.)

The court imposed an indeterminate sentence of death on the murder offense; the court imposed a consecutive sentence of life with the possibility of parole on the attempted murder offense but stayed that sentence. The court imposed but stayed all attached enhancements, including the prior prison term enhancement and stayed sentence on the count 3 offense. (*Jackson*, *supra*, 58 Cal.4th at p. 732.)

On automatic appeal to the California Supreme Court, that court affirmed the judgment. (*Jackson*, *supra*, 58 Cal.4th at p. 732.)

On December 21, 2023, the court found defendant ineligible for resentencing pursuant to section 1172.75 and denied defendant's "motion." The court vacated the previous sentence on defendant's prior prison term, imposed a one-year sentence, and then struck punishment on the enhancement.

Defendant appealed. We affirmed the court's order because defendant's judgment had included a prior prison term upon which the court stayed punishment; thus, we held

that since defendant was not serving a term of imprisonment for the enhancement, he was not entitled to a full resentencing hearing.[2]

## II. DISCUSSION

The People contend that defendant remains ineligible for resentencing under section 1172.75 because he is under a judgment of death. We disagree.

"In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5[, subdivision] (b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.' (Stats. 2019, ch. 590, § 1.) In 2021, Senate Bill No. 483 (2021-2022 Reg. Sess.) made this change retroactive. It enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 (section 1172.75) (Stats. 2022, ch. 58, § 12), which declares: 'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined

_____

[2] The People argued alternatively that defendant was ineligible for resentencing because he was under a judgment of death. We assumed for purposes of the appeal that section 1172.75 could potentially apply but found that defendant was ineligible because the court had stayed imposition of punishment on the enhancement. We noted that the legislative purposes of section 1172.75 would not be furthered by permitting resentencing where the court did not execute sentence on a section 667.5, subdivision (b) enhancement. We further observed this was "especially true here, where the court sentenced defendant to death, and the California Supreme Court affirmed that judgment. (*People v. Jackson*, *supra*, 58 Cal.4th at p. 732.)"

4

in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. [Citation.] To facilitate the process, the statute directs California's Department of Corrections and Rehabilitation (CDCR) to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).' [Citation.] Upon receiving that information, the sentencing court must 'review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.] The statute provides separate deadlines for identification, review, and resentencing of 'individuals . . . currently serving a sentence based on the enhancement' and 'all other individuals.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: 'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.' [Citation.] The trial court must 'apply the

sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' [Citation.] In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"[S]ection 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed. [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

Here, defendant's judgment included a stayed prior prison term enhancement, which was imposed before January 1, 2020. The prior prison term was for robbery, which is not a sexually violent offense. At the section 1172.75 hearing, the court denied defendant's request for a resentencing hearing. Therefore, *Rhodius* would appear to require a resentencing hearing.

However, *Rhodius* did not involve a defendant who was under a judgment of death. "As originally enacted, 'section 1172.75 said nothing about resentencing defendants sentenced to death.'" (*People v. Millsap* (2025) 114 Cal.App.5th 368, 381

6

(*Millsap*); see *People v. Dixon* (2025) 112 Cal.App.5th 236, 246 (*Dixon*), review granted Oct. 22, 2025, S292223; *People v. Cain* (Dec. 8, 2025, B342911) ___ Cal.App.5th ___ [2025 Cal.App. LEXIS 807, at p. 2, fn. 2] (*Cain*).)

Thus, we must determine whether section 1172.75 applies to defendants who have been sentenced to death. "'[T]he sentencing procedures for capital defendants are different from those for noncapital defendants. [Citation.]' [Citation.]" (*People v. Zamudio* (2008) 43 Cal.4th 327, 373.) "'"Capital cases are different."'" (*Millsap*, *supra*, 114 Cal.App.5th at p. 378.) They are distinguishable from those applying "'"'regular punishment'" for felonies.' [Citation.]" (*Ibid.*)

"It is not only the death sentence, but also all capital and noncapital convictions and the sentences imposed within the judgment, that fall under the jurisdiction of the Supreme Court." (*Millsap*, *supra*, 114 Cal.App.5th at p. 378.) "[T]he capital judgment over which the Supreme Court has exclusive jurisdiction is indivisible and includes convictions and sentences for noncapital as well as capital offenses." (*Id.* at p. 383; contra, *Dixon*, *supra*, 112 Cal.App.5th at p. 240 [court could resentence the defendant pursuant to section 1172.75 "on the noncapital portions of his sentence but not on the death sentence"]; *Cain*, *supra*, ___ Cal.App.5th ___[2025 Cal.App. LEXIS 807, at p. 18] [same].)[3]

---

[3] Both *Milsap* and *Dixon* involved cases in which the defendants' death judgments were still under review by the California Supreme Court. (*Milsap*, *supra*, 114 Cal.App.5th at p. 373; *Dixon*, *supra*, 112 Cal.App.5th at p. 239.) Like the defendant in *Cain*, the California Supreme Court has already affirmed defendant's judgment of death. (*Cain*, *supra*, ___ Cal.App.5th ___ [2025 Cal.App. LEXIS 807, at p. 2]; *Jackson*, *supra*,

*[footnote continued on next page]*

7

In *People v. Cleveland* (2004) 32 Cal.4th 704 (*Cleveland*), the court affirmed the judgment of death on the murder count but declined to address sentencing issues on the noncapital offenses. The court noted that only if the defendants were ever resentenced on the murder counts would the question of whether sentencing on the other counts be relevant. (*Id.* at p. 768.)

The author of *Cleveland* wrote "separately to comment on the absurdity of trial and appellate courts—as well as prosecutors and defense attorneys—expending energy and resources dealing with lesser sentencing issues when the defendant has also been sentenced to death . . . ." (*Cleveland*, *supra*, 32 Cal.4th at pp. 769-770, conc. opn. of Chin, J.) "When a person has been sentenced to death . . . , no need exists to impose any other sentence. Especially in these days of increasingly tight judicial budgets, courts and attorneys can make better use of their resources than litigating issues that have no practical significance. The Legislature might want to consider legislation to minimize this waste of resources." (*Ibid.*; see *People v. Delgadillo* (2022) 14 Cal.5th 216, 229 (*Delgadillo*) ["The state, . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.' [Citation.]"]; see also *People v. Wilson* (2008) 44 Cal.4th 758, 806-813 [considering noncapital sentencing issues only where the court reversed the judgment of death].)

---

58 Cal.4th at p. 732.) It is notable here that unlike the defendants in *Dixon* and *Cain*, defendant does not seek resentencing on his capital sentence; rather, defendant only seeks resentencing on the noncapital portions of his sentence.

*Millsap* concluded that resentencing in death penalty cases would not further the purposes or intent of section 1172.75 because "any order reducing his noncapital offenses will not result in a reduced period of incarceration, reduced prison overcrowding, or reduced prison expenditures." (*Millsap*, *supra*, 114 Cal.App.5th at p. 382.) "Until defendant's pending appeal is decided, and unless all eight of his death sentences are reversed, any order reducing his noncapital offenses will not result in a reduced period of incarceration, reduced prison overcrowding, or reduced prison expenditures." (*Ibid*.) "If the Court affirms any of defendant's eight death sentences, the resentencing done by the trial court may be for naught." (*Ibid*.)

*Millsap* further held that the exclusive means of attacking an indivisible judgment that included death was the direct, automatic appeal to the California Supreme Court and/or the filing of a petition for writ of habeas corpus. (*Millsap*, *supra*, 114 Cal.App.5th at pp. 379 & 383; § 1509, subd. (a) ["A writ of habeas corpus pursuant to this section is the exclusive procedure for collateral attack on a judgment of death"].)

We agree with *Millsap* with respect to its first holding. First, resentencing defendants in death penalty cases would not further the purposes or intent of section 1172.75 because "any order reducing [defendant's] noncapital offenses will not result in a reduced period of incarceration, reduced prison overcrowding, or reduced prison expenditures." (*Milsap*, *supra*, 114 Cal.App.5th at p. 382.) Indeed, the court in *Millsap* noted that any "resentencing done by the trial court may be for naught," if the California Supreme Court ultimately upheld any of the defendant's death judgments. (*Ibid*.) Here,

9

the California Supreme Court has already upheld defendant's judgment of death; thus, any resentencing on his noncapital offenses would be "for naught."  (*Ibid*.)[4]

Second, "dealing with lesser sentencing issues when the defendant has also been sentenced to death" would be an "absurdity" and a waste of scarce "energy and resources."  (*Cleveland*, *supra*, 32 Cal.4th at p. 769; see *Delgadillo*, *supra*, 14 Cal.5th at p. 229.)  Here, extensive resources have already been expended in dealing with defendant's petition in the superior court, his appeal to this court, his petition for review in the Supreme Court, and the Supreme Court's remand of the matter to this court.  Even if we remand the matter to the superior court for resentencing, and that court reduces defendant's sentence on his noncapital offenses, it would all be "for naught" as defendant would still be under a judgment of death.[5]

The court in *Dixon* disagreed with *Milsap*.  It noted that, "Prior to an amendment effective January 1, 2025 (which we will discuss), section 1172.75 said nothing about resentencing defendants sentenced to death.  Section 1172.75 contained one exception:  It did not apply to a prior prison term enhancement imposed for a conviction for a sexually

---

[4] The only way resentencing defendant on his noncapital offenses could further the express purposes or intent of section 1172.75 is if, in the extraordinarily unlikely event, defendant's death judgment is overturned in future habeas proceedings.

[5] *Millsap* disagreed with *Dixon*, noting:  "*Dixon* did not address whether the judgment over which the Supreme Court has exclusive jurisdiction can be divided for partial resentencing.  Neither *Dixon*, nor defendant in this case, provides authority for dividing the judgment for this purpose.  [Citations.]"  (*Millsap*, *supra*, 114 Cal.App.5th at p. 383.)  However, as noted *ante*, we are not dealing with a jurisdictional issue here because defendant's judgment of death is not currently before the California Supreme Court; rather, that court has already affirmed defendant's death judgment.  (*Jackson*, *supra*, 58 Cal.4th at p. 732.)

violent offense. [Citation.]" (*Dixon*, *supra*, 112 Cal.App.5th at p. 247.) The *Dixon* court concluded that "the pre-2025 version of section 1172.75 applied to persons 'currently serving a term for a judgment' [citation] that included an invalid prior prison term enhancement, including those . . . whose judgment includes a death sentence." (*Ibid*.)

"Effective January 1, 2025, Senate Bill No. 285 (2023-2024 Reg. Sess.) (Stats. 2024, ch. 979, § 2) added section 1172.75, subdivision (f), which renders ineligible for recall and resentencing an individual (1) who was convicted of a sexually violent offense, (2) who was sentenced to death or life without the possibility of parole, and (3) whose judgment had not been reviewed and verified by the superior court as of January 1, 2025." (*Dixon*, *supra*, 112 Cal.App.5th at p. 248, fn. omitted.)

"Section 1172.75, subdivision (f), states: 'Commencing on January 1, 2025, an individual who has been convicted of a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code and sentenced to death or a life term without the possibility of parole, who, as of January 1, 2025, has not had their judgment reviewed and verified by the sentencing court as provided in subdivision (c), is not eligible for recall and resentencing under this section. This subdivision does not apply retroactively.'" (*Dixon*, *supra*, 112 Cal.App.5th at p. 248, fn. 6.)

"[T]he enactment of section 1172.75, subdivision (f), is significant: It shows the Legislature thought it necessary to add the new subdivision because the Legislature recognized in 2024 that section 1172.75, as originally drafted, applied to defendants (like Dixon) sentenced to death. According to an analysis by the Senate Rules Committee,

11

Senate Bill No. 285 was intended to 'close a loophole' in Senate Bill No. 483:

"'Recently, appeals have been made to the courts arguing that certain people serving sentences for capital and sexually violent offenses qualify for full resentencing under [Senate Bill No.] 483.  This interpretation does not align with the original bill's intent . . . .  [Senate Bill No.] 285 clarifies who is eligible for resentencing under [Senate Bill[]] No.] 483 to . . . close a loophole in the original drafting.'" [Citations.]" (*Dixon*, *supra*, 112 Cal.App.5th at p. 248.)[6]

The *Dixon* court held that because the amendment to section 1172.75 was not retroactive, it did not apply to Dixon.  (*Dixon*, *supra*, 112 Cal.App.5th at pp. 247-248.) "Even as amended, section 1172.75 continues to apply to defendants sentenced to death, as long as they have not been convicted of a sexually violent offense."  (*Id*. at p. 248, fn. 6.)  Thus, "Because the pre-2025 version of section 1172.75 did not exclude persons serving death sentences, the superior court should have stricken Dixon's four prior prison term enhancements.  In addition, the court had discretion to resentence Dixon . . . ." (*Id*. at p. 248; accord, *Cain*, *supra*, ___ Cal.App.5th ___[2025 Cal.App. LEXIS 807, at p. 18] [Affirming the court's recall for resentencing of the noncapital portion of defendant's sentence but reversing its recall of the capital portions of his sentence].)

---

[6] *Millsap*'s only commentary on the effect of Senate Bill No. 285's modification of section 1172.75 was to note that, "Notwithstanding the apparent need for clarifying resentencing ineligibility for those convicted of serious sexually violent offenses, the amendment need not have addressed section 1172.75 eligibility for capital offenders whose direct appeals are pending before the Supreme Court." (*Millsap*, *supra*, 114 Cal.App.5th at p. 381, fn. 10.)

Despite our reservations about the expenditure of resources on a resentencing proceeding that will have no practical significance regardless of the outcome, we agree with *Dixon* that Senate Bill No. 285 reflects the Legislature's original and continuing intent that section 1172.75 applies to those under a judgment of death except, post the effective date of Senate Bill No. 285, those defendants who also suffer from a prior conviction for a sexually violent offense.  Here, where there is no evidence in the record that defendant suffered from a conviction for a sexually violent offense, the court should have granted him a resentencing hearing on the noncapital parts of his sentence.[7]  (*Dixon supra*, 112 Cal.App.5th at p. 240 [court could resentence the defendant pursuant to section 1172.75 "on the noncapital portions of his sentence but not on the death sentence"]; accord, *Cain*, *supra*, ___ Cal.App.5th ___ [2025 Cal.App. LEXIS 807 at p. 18].)

The People argue that Senate Bill No. 285's provision for the ineligibility of those convicted of a sexually violent offense *and* under judgment of death should be read disjunctively rather than conjunctively.  However, as defendant points out, the People give no reason why it should be so read.  Moreover, the People do not explain why, even if read disjunctively, it would benefit defendant at all considering that the statute provides that it does not apply retroactively.  (§ 1172.75, subd. (f) ["This subdivision does not

---

[7] We are not here faced with an instant in which defendant has been convicted of a sexually violent offense *and* sentenced to death *prior* to the effective date of Senate Bill No. 285, though, in that instant, *Dixon's* conclusion that Senate Bill No. 285 does not apply retroactively would appear unassailable.  (§ 1172.75, subd. (f) ["This subdivision does not apply retroactively"].)

apply retroactively"].)  Thus, we shall reverse the order denying defendant a resentencing hearing with directions that the court hold a resentencing hearing and strike defendant's prior prison term enhancement.[8]

## III.  DISPOSITION

The matter is reversed and remanded to the trial court with directions to hold a full resentencing hearing on the noncapital portions of defendant's sentence.  The trial court is directed to strike the section 667.5, subdivision (b) enhancement in its entirety, rather than merely the punishment on the enhancement.  The court is further directed to issue a new minute order reflecting the striking of the enhancement and to forward a copy to the California Department of Corrections and Rehabilitation.  We express no opinion on whether defendant would be entitled to any further relief on remand.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.

---

[8] Here, the court reimposed sentence and struck *punishment* on the enhancement. Although the new abstract of judgment no longer reflects the presence of the prior prison term, in an abundance of caution, we direct the court below to strike the enhancement in its entirety.  (§ 1172.75, subd. (a); *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75 requires . . . the trial court strike the newly 'invalid' enhancements"]; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855; *People v. Green* (2024) 104 Cal.App.5th 365, 373; *Dixon*, *supra*, 112 Cal.App.5th at p. 243.)